**Affirmed and Majority and Dissenting Memorandum Opinions filed November 17, 2020.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-19-00176-CV

---

## MATTHEW BROOKS AND LISA BROOKS, Appellants

## V.

## MARCO SALAZAR, Appellee

---

### On Appeal from the 281st District Court
### Harris County, Texas
### Trial Court Cause No. 2015-43101

---

### DISSENTING MEMORANDUM OPINION

Because I believe the evidence is factually insufficient to support the jury's finding of no negligence, I respectfully dissent.

Car accidents can happen without the negligence of any party. The evidence in this case, however, does not support the jury's finding that this accident happened without the negligence of any party.

BACKGROUND

On a rainy day during the evening commute on the Gulf Freeway in Houston, appellee Marco Salazar's vehicle collided with appellants Matthew and Lisa Brookses' vehicle. The responding police officer, S. Raj, wrote in his report that both vehicles were traveling southbound, that Salazar failed to control his speed and hit the Brookses' car in the rear. Raj testified that Salazar's failure to control speed was a contributing factor to the accident. Salazar reported to Raj that he "hit a patch of water" while driving, "lost control and hit the other car." Matthew Brooks, who was driving, told the officer that he looked in his rear-view mirror and saw Salazar's car weaving in and out of lanes. Salazar's car "clipped [Brooks] in the rear, and [Brooks] spun out."

Laura Anne Short, an eyewitness who was driving behind the Brookses' car told the officer:

> I was driving in the far right lane, and I saw a car [driven by Salazar] coming up really fast behind me. He passed me up, and I slowed down because I wanted to get away from him. He was going too fast, and I had a feeling he was going to wreck. He hit the red SUV [driven by Brooks] in the rear, and then he hit the barrier. He came across the freeway and hit the barrier on the left side. I stopped to make sure everyone was okay.

Ms. Brooks testified that on the day of the accident they were returning home and the misty rain had just begun to fall. Traffic had slowed to about 45 miles per hour and Ms. Brooks fell asleep. Ms. Brooks was awakened by a loud, jolting noise and discovered their car was spinning on the road, hitting one barrier and careening into another barrier on the other side of the highway.

Mr. Brooks testified that he and Ms. Brooks were driving home, and the pavement was wet because it had started to rain. Brooks glanced in his rearview mirror and saw Salazar's car coming toward him. Brooks estimated his own speed

at 50 miles per hour. It appeared to Brooks that Salazar was driving faster than him. Salazar's car struck the right rear of the Brookses' car. The Brookses' car began to spin in the center of the freeway. Salazar got out of his car and walked to the Brookses' car to ask if they were okay.

Salazar testified that on the day of the accident he was driving his mother's car to his sister's house and it was raining. He did not remember how he lost control of his car; he only remembered hitting the Brookses' car and asking if they were okay. Salazar did not remember how fast he was going.

## ANALYSIS

The elements of a negligence claim are (1) the existence of a legal duty, (2) a breach of that duty, and (3) damages proximately caused by the breach. *Rodriguez–Escobar v. Goss*, 392 S.W.3d 109, 113 (Tex. 2013). In the context of today's case, "negligence" means failure to use ordinary care, that is, failing to do that which a person of ordinary prudence would have done under the same or similar circumstances or doing that which a person of ordinary prudence would not have done under the same or similar circumstances. *See 20801, Inc. v. Parker*, 249 S.W.3d 392, 398 (Tex. 2008). Proximate cause has two components — cause in fact and foreseeability. *See Transcontinental Ins. Co. v. Crump*, 330 S.W.3d 211, 222 (Tex. 2010). To establish cause in fact the evidence must show that Salazar's negligence, if any, was a substantial factor in bringing about the accident, and that without Salazar's negligence, if any, the accident would not have occurred. *See id*. at 222–23. Likewise, to be a proximate cause, the act or omission at issue must be such that a person using ordinary care would have foreseen that the accident, or some similar event, might reasonably result therefrom. *See Browning-Ferris Indus., Inc. v. Lieck*, 881 S.W.2d 288, 292 (Tex. 1994).

The evidence with regard to liability consisted of testimony from Mr. and Ms.

3

Brooks, Officer Raj, Salazar, and Short. The Brookses also produced Raj's report, which included a map showing the location of the accident, and post-crash photos of their vehicle. Salazar also testified and produced photos of the Brookses' car.

In many sufficiency cases, he-said she-said-type conflicts in evidence fall within the purview of the jury, meaning that appellate reversal is rare when resolving an evidentiary conflict that hinges on an assessment of credibility and demeanor. In this case, however, we do not have conflicting testimony per se. Rather, Salazar testified that he did not remember much about how the accident happened. Salazar testified that he remembered driving and losing control and that he "guess[ed]" he hit the Brookses' car.

Mr. and Ms. Brooks and Short, the eyewitness, testified that Salazar was traveling too fast for the road conditions. Short testified that she took her foot off the accelerator and braked in order to avoid an accident.

On cross-examination, Salazar testified as follows:

Q. And at some point, you postulated that you had hydroplaned. Is that correct?

A. Yes, ma'am.

Q. And you would have — you were observed to have been going very fast, as you've heard on the testimony. Is that correct?

A. That's what they said. I don't recall that, but —

Q. Okay. You're not going to dispute the eyewitness who said that she was afraid, that she wanted to get away from you?

A. Yes, ma'am.

Q. She said "I was driving in the far right lane, and I saw a car coming up really fast behind me. He passed me up, and I slowed down because I wanted to get away from him. He was going too fast, and I had a feeling he was going to wreck."

You don't dispute that you were going too fast?

4

And that's what caused you to lose control, was it not?

A. Yes, ma'am.

Q. Had you not been going too fast, this accident never would have happened. Isn't that right?

A. Yes, ma'am.

Other than Salazar's statement to the responding police officer that he "hit a patch of water," the record does not reflect evidence contradicting the Brookses', Short's, and Salazar's testimony that Salazar was going too fast and that his excessive speed caused the accident.

If an appellate court reverses a verdict on factual sufficiency grounds, the court must explain in its opinion why it has "concluded that a reasonable factfinder could not have credited disputed evidence in favor of the finding." [Internal quotation marks omitted]. *In re J.O.A.*, 283 S.W.3d 336, 345 (Tex. 2009). Here, there is no disputed evidence to credit. Even though the record in this case hinges almost entirely on weighing testimony from both the plaintiffs and the defendant, Salazar never actually contradicted the Brookses' testimony. In addition, Salazar did not contradict the testimony provided by Short who was an impartial eyewitness.

Viewing all of the evidence in a neutral light and considering both the evidence in favor of and contrary to the challenged finding, I believe the jury's finding of no negligence on the part of Salazar was so against the great weight and preponderance of the evidence as to be manifestly unjust. *See Mar. Overseas Corp.*, 971 S.W.2d 402, 407 (Tex. 1998). Because the majority finds the evidence sufficient to uphold the jury's verdict, I dissent.

/s/ Jerry Zimmerer
   Justice

Panel consists of Justices Christopher, Wise, and Zimmerer (Wise, J., majority).